STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Carusona Subdivision Final Plat    }        Docket No. 170-8-08 Vtec
    (Appeal of Bohline, et al.)    }
}

<u>Decision and Order on Appellants' Motion for Summary Judgment</u>

Appellants Edward G. Bohline, Christopher A. Burroughs and Melanie A. Burroughs (as trustees), Lawrence Speigel and Arlene Speigel, Emma Jones-Higley and Kristian Higley, appealed from a decision of the Development Review Board (DRB) of the Town of Brattleboro granting final approval to a two-lot subdivision proposed by Appellee-Applicants Richard Carusona and Alicia Carusona.  Appellants are represented by Michael J. Hertz, Esq.; Appellee-Applicants Richard Carusona and Alicia Carusona (Applicants) are represented by Richard D. Perra, Esq.;  and the Town is represented by Robert M. Fisher, Esq.

Appellants have moved for summary judgment on Questions 1, 2, 3, and a portion of Question 9 of the Statement of Questions.  The following facts are undisputed unless otherwise noted.

The following description of the parties' property and claimed rights-of-way is taken from <u>In re Applications of Carusona</u>, Nos. 21-1-07 Vtec,  55-3-06 Vtec, slip op. at 1–2  (Vt. Envtl. Ct. Jan. 15, 2008) (Wright, J.) (footnotes omitted), an earlier decision of this Court on a different development proposal involving the same parties and property:

> Applicants own a 3.79-acre parcel of land with access from Old Guilford Road in the Rural Residential zoning district.  Applicants' parcel was Lot 4 of the so-called Mears subdivision and was conveyed to them in August of 2005.  Applicants' parcel is located generally uphill and to the

1

south of the Bohline and the Burroughs property. Fort Dummer State Park adjoins Applicants' parcel on its southerly boundary.

[Appellant] Bohline owns an approximately two-acre parcel consisting of two lots that were Lots 1 and 2 of the so-called Mears subdivision and were conveyed to him in 1999; the property is improved with his single-family residence. [Appellants] Burroughs, as trustees, own an approximately one-acre lot that was Lot 3 of the so-called Mears subdivision and was conveyed to them in 1997; the property is improved with their single-family residence.

The Bohline, Burroughs and Carusona lots have access to Old Guilford Road by a deeded thirty-foot-wide right-of-way also known as "Fort Dummer Heights," which extends southerly from Old Guildford Road to the northerly boundary of the Carusona property. The Bohline property lies on the easterly side of the thirty-foot-wide deeded right-of-way, the Burroughs property lies on the westerly side of this right-of-way. [Appellants] Jones-Higley and Higley own a parcel of land improved with their single-family residence, with frontage on Old Guilford Road as well as on the northeasterly side of the thirty-foot-wide deeded right-of-way.

In connection with the present case, the Court has not been provided with Applicants' two-lot subdivision application, #2008-035, dated May 8, 2008, or with a plan entitled "Proposed 25' ROW" prepared by William J. Fitzgerald, Land Surveyor, dated April 26, 2006, both listed as exhibits to the decision on appeal, and referred to in the motions now before the Court.

In the earlier litigation, Applicants also showed a second access to their property from Old Guilford Road by a more easterly claimed right-of-way, running south from Old Guilford Road along the easterly boundaries of the Bushey property and the Bohline property, and along the westerly boundary of the Spiegel property. The materials submitted in support of the motions in the present case include a reduced-size plan of the proposed subdivision, originally dated February 23, 2007, and with a revision date of May 16, 2008, and referred to in the December 26, 2008 cover letter from Appellants' attorney as having been submitted by Applicants at the June 16, 2008 hearing. This plan shows the thirty-foot-wide right-of-way extended across one

proposed lot of the proposed subdivision and ending at the boundary of the second proposed lot of the proposed subdivision. This plan also shows the path of the easterly claimed right-of-way, and shows a "proposed 25' right-of-way" along a portion of that path.

Appellants assert, and Applicants do not contest, that Applicants intend to connect the two proposed lots to municipal water and sewer service, using pipes that would run within the easterly claimed right-of-way. Appellants dispute the width of that right-of-way (that is, whether it is at least 25 feet wide), dispute whether the scope of that right-of-way allows its use for utility lines, and also dispute the scope of the 30-foot-wide right-of-way relating to the original subdivision.

The Environmental Court has no subject matter jurisdiction to adjudicate parties' respective property rights to a claimed right-of-way; any such claims are instead within the jurisdiction of the Superior Court. In particular, issues regarding the proportionate allocation of the costs or burdens of an easement among the lot owners, when lots benefited by an easement are subdivided, are within the jurisdiction of the Superior Court and not of this Court. All that this Court can do is to determine whether an applicant has shown compliance with the subdivision regulations or other applicable regulations. Of course, it may be beneficial for any mediation undertaken by the parties or required by either court to address all the issues raised in both courts; this decision only reiterates that the Environmental Court cannot resolve issues that are solely within the jurisdiction of the Superior Court.

It would not be a wise use of the Court's or the parties' time to proceed to hold an evidentiary hearing on whether this proposal meets the Subdivision Regulations, as to the westerly 30-foot-wide right-of-way, in advance of the Windham Superior Court's resolution of the Bohline and Burroughs claims regarding the physical and legal extent of that right-of-way in Bohline and Burroughs v. Carusona, No. 308-6-08 Wmcv (filed in June 2008, Windham Super. Ct.). On the other hand, the parties have not drawn the

3

Court's attention to any other litigation involving the easterly claimed right-of-way. If Applicants' present proposal does involve the use of that right-of-way for utility access to the proposed subdivision, it is possible that at least the utility access issue could be addressed by this Court during the pendency of the Superior Court litigation. The parties should be prepared to discuss this scheduling question at the scheduled telephone conference (see enclosed notice).

In addition, Appellants argue that the proposal should be denied for failure to comply with § 260(3) of the Subdivision Regulations. The state subdivision permit issued by the Agency of Natural Resources in connection with the original four-lot subdivision (#EC-2-1432) approved Lot 4 (and each of the other original lots) for "one single-family residence with maximum three (3) bedrooms with six person occupancy." As the proposal is to divide one of the original lots into two residential lots, Applicants are required by § 260(3) to submit to the Planning Commission a copy of their application to the state Agency of Natural Resources to amend their state subdivision permit #EC-2-1432 (unless a waiver of that requirement of § 260(3) has been obtained from the Planning Commission under § 140). On the other hand, § 260(3) does not require Applicants to have obtained the ANR permit amendment prior to the Planning Commission's (or this Court's) ruling on their subdivision application. Rather, § 260(3) only requires Applicants to have obtained and to submit the ANR permit amendment (and any other required permits) within ninety days after subdivision approval, when they must file "the final plat" under § 270(1).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment as to Questions 1, 2, and 9 of the Statement of Questions is DENIED, as material facts are in dispute, or at least have not been provided to the Court in connection with the motion, regarding the parties' respective rights to the rights-of-way, as discussed above. Appellants' Motion for

Summary Judgment as to Question 3 of the Statement of Questions is DENIED in Part, in that § 260(3) does not require submittal of all required <u>permits</u>, but is GRANTED in Part, in that § 260(3) does require submittal of copies of all required <u>applications</u>.

A telephone conference has been scheduled (see enclosed notice) to discuss whether or which portions of this appeal should await resolution of the related Superior Court case. Please also be prepared to discuss the timing of the Town's adoption of on-the-record proceedings, in connection with the scheduling of this appeal and any related matters.

Done at Berlin, Vermont, this 19th day of February, 2009.

_____
Merideth Wright
Environmental Judge